# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GGS Limited, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>Ritzio Purchase Limited, et al.,<br><br>   Defendants. | No. CV-18-01512-PHX-DLR<br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference is set for **October 26, 2018 at 4:30 p.m.,** in Courtroom 506, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this Scheduling Conference, it is ordered as follows:

I. CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, the Court directs any nongovernmental corporate party to file its Corporate Disclosure Statement within 10 days of receipt of this Order. Forms are available on the Court's website.

II. MANDATORY INITIAL DISCOVERY PILOT PROJECT

The Court is participating in the Mandatory Initial Discovery Pilot Project (MIDP). The MIDP was approved by the Judicial Conference of the United States and

has been implemented in this District by General Order 17-08.  The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act (PSLRA), and cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation.  The discovery obligations in the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery.  Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out.  Thus, if your case was filed after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligation of the MIDP.  You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP.  Resources related to the MIDP are available on the Court's website at http://www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot.

III.  RULE 26(f) MEETING AND DISCOVERY PLAN

The parties are directed to meet and confer at least 14 days before the Scheduling Conference as required by Federal Rule of Civil Procedure 26(f).  At this Rule 26(f) Meeting, the parties shall develop a joint proposed Discovery Plan which contains the following information in separately numbered paragraphs:

1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan;

2. A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

3. A description of the principal factual and legal disputes in the case;

4. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party.  *See* 28 U.S.C. §1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state of which one of their members or partners is a citizen.  *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial;

9. The status of related cases pending before other courts or other judges of this Court;

10. A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint Plan raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.

11. A discussion of necessary discovery, including:

   a. The extent, nature, and location of discovery anticipated by the parties;

   b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

   c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

12. A statement of when the parties served their MIDP discovery responses;

13. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

       a.    A deadline for the completion of fact discovery,[2] which will also be the deadline for final supplementation of discovery responses under the MIDP;[3] and disclosure pursuant to Rule 26(a)(3);

       b.    Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;[4]

       c.    A deadline for completion of all expert depositions;

       d.    A deadline for filing dispositive motions;

       e.    A date by which the parties shall have engaged in good faith settlement talks.

14.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons);

15.    The estimated length of trial and any suggestions for shortening the trial;

16.    The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

17.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure

    The parties shall jointly file the Plan with the Clerk (e-file the Plan using the Other Documents category and use the drop down event Rule 26(f) Report re Mandatory Initial Discovery) not less than 7 days before the Scheduling Conference (absent extraordinary

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

[3] General Order 17-08 should be reviewed carefully. It requires parties to timely supplement their MIDP responses as new information is discovered. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

[4] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

circumstances, no extensions of time will be granted). It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) Meeting and preparation of the joint Plan. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the proposed plan.

IV.  SCHEDULING CONFERENCE AND ORDER

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Scheduling Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. Counsel intending to appear telephonically shall file a written notice of intent to appear telephonically not less than 2 days before the Scheduling Conference. A continuance of the Scheduling Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure Rule 16(b).

During or after the Scheduling Conference, the Court will enter a Scheduling Order. The form of the Court's standard Scheduling Order can be found on the Court's website at www.azd.uscourts.gov under Judges & Courtrooms; Orders, Forms & Procedures; Judge Rayes. The Court intends to fully enforce the deadlines in the Scheduling Order. The parties should plan their litigation activities accordingly.

V.  OTHER MATTERS

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and Local Rules and to minimize the expense of discovery.

Counsel should ensure that all pleadings comply with LRCiv 7.1 and LRCiv 7.2.

Unless counsel can otherwise show cause, an order shall accompany the Discovery Plan dismissing any party which has not been served, fictitious or unnamed parties, or seeking default judgment against any non-appearing party;

**If a party has been served, but has not appeared, plaintiff or counter-claimant shall give notice of this order to that party.  Fed. R. Civ. P. 16(b)(2).**

The parties shall not file written discovery motions without leave of court. If a

- 5 -

1 discovery dispute arises and cannot be resolved despite sincere efforts to resolve the
2 matter through personal consultation, the parties shall call the Court's Judicial Assistant,
3 Ms. Mary Farmer, at (602) 322-7530 to set a telephonic conference.

4 Finally, to ensure timely case processing, a party moving for an extension of time,
5 enlargement of page limitations, leave to amend, or leave to file a document under seal
6 shall indicate in the motion whether the non-movant opposes the request and intends to
7 file a written response.

8 After review of the docket, the Court notes that Plaintiffs have not filed their
9 notice of service. Accordingly,

10 **IT IS ORDERED** that Plaintiff file their notice of service by **July 30, 2018**.
11 Dated this 23rd day of July, 2018.

Douglas L. Rayes
United States District Judge