**Valentin Gurvits** (*pro hac vice* forthcoming)
vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice* forthcoming)
matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1800 | Fax: 617-928-1802

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

**GGS Ltd**,
an Anguilla company, and
**InfoStar Management Ltd,**
an English company,

  Plaintiffs,

v.

**Ritzio Purchase Limited**,
a Cyprus company,
**Dareos Inc.**,
a Marshall Islands company, and
**Dareos Ltd.**,
a Cyprus company,

  Defendants.

Case No.: CV-18-01512-PHX-DLR

**Plaintiffs' Motion for Additional Time to Serve Defendants and File Notices of Service**
**(First Request)**

Plaintiffs GGS Ltd and InfoStar Management Ltd, by and through their undersigned counsel, hereby move this honorable Court for an order extending the time to serve defendants and file notices of service by at least 90 days. Plaintiffs have been diligently working to serve Defendants, each of which are foreign entities, but have not yet served Defendants and therefore cannot yet comply with the Court's order dated July 23, 2018 (D.E. 10) requiring that Plaintiffs file their notices of service by July 30, 2018. Accordingly, Plaintiffs request that the court

extend the time to serve Defendants and file notices of service by at least 90 days.  In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs filed the Complaint in this matter on May 17, 2018 (D.E. 1).

2. Defendants Ritzio Purchase Limited and Dareos Ltd., upon information and belief, are Republic of Cyprus companies and Defendant Dareos Inc. is a non-resident domestic Republic of the Marshall Islands company.  *See* Complaint, D.E. 1.

3. Pursuant to Federal Rule of Civil Procedure 4(m), there is no time limit for service of process on service in a foreign country, as is required on the Defendants in this action.

4. Pursuant to Rule 4(f)(1), service on a foreign defendant should be performed by a means of service that is reasonably calculated to give notice, such as in accordance with the Hague Convention on the Service Aboard of Judicial and Extrajudicial Documents (the "Hague Convention") if the defendant's country of domicile is a signatory thereto.  If the domicile country is not a signatory of the Hague Convention, service should be accomplished "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."  Rule 4(f)(2).

5. The Republic of Cyprus is a signatory to the Hague Service Convention, but the Republic of the Marshall Islands is not.  Declaration of Matthew Shayefar ["Shayefar Decl."], filed herewith, ¶ 2.

6. On or about June 12, 2018, Plaintiffs' counsel engaged Language Connections of Boston, Massachusetts to created certified translations into Greek of the Complaints and summonses in this case for service on Defendants Ritzio Purchase Limited and Dareos Ltd. Language Connections provided to Plaintiffs' counsel the translations on July 25, 2018. Shayefar Decl., ¶ 3.

7. On July 25, 2018, after receiving the translated documents, Plaintiffs' counsel contacted two vendors to enquire about performing service of process on the foreign Defendants in the Republic of Cyprus. Shayefar Decl., ¶ 4.

8. On July 27, 2018, Plaintiffs' counsel engaged Process Service Network, LLC of Chatsworth, California to serve Defendants Ritzio Purchase Limited and Dareos Ltd. in the Republic of Cyprus. Process Service Network, LLC has estimated that it will take them approximately <u>two to three weeks</u> to accomplish service on Defendants Ritzio Purchase Limited and Dareos Ltd. Shayefar Decl., ¶ 5.

9. On June 12, 2018, Plaintiffs' counsel contacted the Trust Company of the Marshall Islands ("TCMI"), which purportedly acts as the registered agent for all non-resident domestic Republic of the Marshall Islands companies, to enquire as to how service of process may be completed on Dareos Inc. On June 26, 2018, the TCMI responded with general instructions on service. Shayefar Decl., ¶ 6.

10. On July 30, 2018, Process Service Network LLC provided a quote and timeline for service of process on Dareos Inc. in the Republic of the Marshall Islands, stating a total cost of $3,750 with a time frame of six months to one year. Shayefar Decl., ¶ 7. Given the extraordinary cost and extended time-frame for service via this method, Plaintiffs would like the additional time to determine the preference of proceeding with other options, including contacting other vendors and/or requesting that this court allow alternative service (including on counsel that has already entered an appearance on behalf of Defendants in this case).

11. On July 30, 2018, undersigned counsel emailed Mr. Michael Bierman, who has filed a *pro hac vice* application in this case on behalf of Defendants,[1] to ask his position on the filing of this Motion and whether he would accept service of process on behalf of Defendants. Mr. Bierman has stated that he would confer with his clients about this Motion and whether he would accept service of process, but at the time of the filing of this Motion he was unable to provide a definitive answer about either. Shayefar Decl., ¶ 8.

12. No previous extensions have been granted concerning the time to serve Defendants and file notices of service.

On the basis of the foregoing, Plaintiffs request that this honorable court extending the time to serve Defendants and file notices of service by at least 90 days.

DATED this 30th day of July, 2018.

Respectfully submitted,
Plaintiffs
By their Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:   (617) 928-1800
Fax:   (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

---

[1] Mr. Bierman has stated that his *pro hac vice* application is not intended to be an appearance on behalf of Defendants. Plaintiffs do not assert a position on that issue at this time, but reserve the right to do so.