MICHAEL BIERMAN (*pro hac vice*)
Email: michael.bierman@dentons.com
KATE E. HART (*pro hac vice*)
Email: kate.hart@dentons.com
DENTONS US LLP
601 S. Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
Phone: 213-623-9300
Fax: 213-623-9924

Attorneys for Defendants
Ritzio Purchase Limited, Dareos Inc., and Dareos Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GGS Ltd and Infostar Management Ltd, <br><br> Plaintiffs, <br><br> v. <br><br> Ritzio Purchase Limited, Dareos Inc., and Dareos Ltd., <br><br> Defendants. | Case No.  CV-18-01512-PHX-DLR <br><br> **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants Ritzio Purchase Limited, Dareos Inc., and Dareos Ltd. ("Defendants") hereby answer the numbered paragraphs of the unverified Complaint of Plaintiffs GGS Ltd and Infostar Management Ltd ("Plaintiffs") as follows:

**Introduction**

1. Defendants admit that Plaintiffs have registered and used a number of domain names incorporating Defendants' registered VULKAN trademarks. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore deny same.

2. Defendants admit they are the owners and licensees of Defendants' registered VULKAN and other trademarks. Defendants further admit they filed an administrative proceeding against Plaintiffs under the rules of the Uniform Doman Name Dispute Resolution Policy based on Plaintiffs' infringement of Defendants' trademark rights. Defendants deny the remaining allegations of paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore deny same.

**The Parties**

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny same.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore deny same.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants admit that Dareos Ltd. is a Cyprus company with a business address at Prevezis, 13, 1st Floor, Flat/Office 101, 1065, Nicosia, Cyprus. Defendants state Dareos Ltd. has a Corporate ID of HE 372002. Defendants deny any remaining allegations in paragraph 10.

## Jurisdiction and Venue

11. Defendants admit that Plaintiffs filed the Complaint in this action which speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof. Defendants deny any remaining allegations in paragraph 11.

12. The legal conclusions contained in paragraph 12 do not require a factual response. Defendants admit that subject matter jurisdiction exists in this case. Defendants deny any remaining allegations in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

## Facts

18. Defendants admit the allegations contained in paragraph 18.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit that Sergey Balash is listed as the registrant of the domain name vulcanno.com. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore deny same.

21. Paragraph 21 contains no allegations requiring a response.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore deny same.

23.     Defendants admit that the websites at the Domain Names are gaming websites where users can play slot-machine-like games and win prizes.  Defendants deny that the websites are limited to such games, as the websites offer a variety of other games and functionalities.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore deny same.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny same.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore deny same.

27.     Defendants admit that Ritzio provides gaming and gambling services under its VULKAN trademarks.  Defendants further admit that they are the owners and licensees of the numerous registered trademarks, including, but not limited to:

(a) German trade mark number 302008017149 for VULKAN (stylised in a device mark), registered on February 24, 2009;

(b) Russian trade mark number 353692 for VULKAN, registered on November 18, 2005;

(c) International trade mark number 791038 for ВУЛКАН (stylised in a device mark), registered on September 3, 2002, designating Armenia, Azerbaijan, Belarus, Estonia, Georgia, Kyrgyzstan, Kazakhstan, Lithuania, Latvia, Moldova, Tajikistan, Turkmenistan, Ukraine and Uzbekistan;

4

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

(d) International trade mark number 989103 for VOLCANO, registered on August 11, 2008, designating Belarus, European Community, Croatia, Kazakhstan, Serbia and Ukraine; and

(e) International trade mark number 949162 for a stylised version of the letter "V", registered on January 26, 2007, designating Estonia, Latvia, Belarus, Kazakstan, Lithuania and Ukraine.

Defendants deny the remaining allegations of paragraph 27.

28.   Defendants admit they are business associates, and that Defendants Dareos Ltd. and Dareos Inc. are the current owners of the Disputed Registrations to which Defendant Ritzio takes a license. Defendants deny the remaining allegations of paragraph 28.

29.   The UDRP Complaint filed by Defendants against Plaintiffs speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof. Defendants deny any remaining allegations of paragraph 29.

30.   The legal conclusions contained in paragraph 30 do not require a factual response. Defendants admit that Russia has passed certain laws related to gambling. Defendants deny the remaining allegations in paragraph 30.

31.   The legal conclusions contained in paragraph 31 do not require a factual response. Defendants deny the remaining allegations in paragraph 31.

32.   Defendants deny the allegations contained in paragraph 32.

33. The UDRP Complaint filed by Defendants against Plaintiffs speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof. Defendants admit ВУЛКАН may be translated into Latin script as VULKAN and English language as VOLCANO. Defendants deny any remaining allegations of paragraph 33.

34. Defendants admit that Mirage Casino in Las Vegas, Nevada has a landscape feature it refers to as a volcano. Defendants deny the remaining allegations of paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. The UDRP Complaints filed by Defendants speak for themselves, and Defendants deny any characterizations or mischaracterizations thereof. Defendants deny any remaining allegations of paragraph 37.

38. Defendants admit Plaintiff GGS Limited was a party to WIPO Case No. D2015-0875. Defendants admit Plaintiffs were parties to WIPO Case No. D2015-1106. Defendants deny any remaining allegations of paragraph 38.

39. Defendants admit Plaintiffs filed lawsuits challenging the decisions of the Administrative Panels of WIPO Case Nos. D2015-0875 and D2015-1106. The legal conclusions contained in paragraph 39 do not require a factual response. Defendants deny any remaining allegations of paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore deny same.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants admit they filed a UDRP Complaint against Plaintiffs on January 19, 2018.  The UDRP Complaint speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof.  Defendants deny any remaining allegations of paragraph 52.

53. Defendants admit the allegations contained in paragraph 53.

54. The UDRP Complaint speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof.  Defendants deny any remaining allegations of paragraph 54.

55. Defendants admit Plaintiffs filed a response to the UDRP Complaint, which speaks for itself.  Defendants deny any characterizations or mischaracterizations thereof.  Defendants deny any remaining allegations of paragraph 55.

56. Defendants admit the UDRP Administrative Panel issued a decision directing that the Domain Names be transferred to Defendants. The UDRP Administrative Panel Decision speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof. A true and correct copy of the Decision is attached to Defendants' Counterclaims set forth below. Defendants deny any remaining allegations of paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. Defendants admit they filed a UDRP Complaint against Plaintiffs on January 19, 2018. The UDRP Complaint speaks for itself, and Defendants deny any characterizations or mischaracterizations thereof. Defendants deny any remaining allegations of paragraph 58.

59. Defendants admit the allegations contained in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore deny same.

61. Defendants deny the allegations contained in paragraph 61.

## Count I

## Declaratory and Injunctive Relief Pursuant to 15 U.S.C. § 1114(2)(D)(v)

62. Defendants repeat, reallege, and incorporate by reference each and every response contained in the preceding paragraphs.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants admit the allegations contained in paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore deny same.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants admit that Plaintiffs are purporting to seek the relief set forth in this Complaint, which speaks for itself. Defendants deny any remaining allegations contained in paragraph 69.

## Count II

## Declaration of Non-Infringement of Trademark

70. Defendants repeat, re-allege, and incorporate by reference each and every response contained in the preceding paragraphs.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore deny same.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore deny same.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

## Jury Demand

Defendants demand a trial by jury.

## Requested Relief

Defendants deny that Plaintiffs are entitled to any of the relief requested.

# AFFIRMATIVE DEFENSES

Defendants incorporate herein by reference paragraphs 1 - 75 above and the allegations of their Counterclaims below for purposes of each affirmative defense. Without any admission as to the burden of proof and expressly reserving their rights to assert affirmative defenses or counterclaims that discovery may reveal, Defendants state the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

2. The Complaint, and each cause of action thereof, is barred against Defendants to the extent that Plaintiffs are guilty of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Unjust Enrichment)

3. Plaintiffs' claims are barred in whole or in part by the fact that they would be unjustly enriched if they were to recover in this action.

### FOURTH AFFIRMATIVE DEFENSE
(Bad Faith Intent)

4. Plaintiffs' claims are barred in whole or in part by their bad faith intent to profit from Defendants' trademarks.

### FIFTH AFFIRMATIVE DEFENSE
(Infringement)

5. Plaintiffs' claims are barred in whole or in part by their infringement of Defendants' trademarks.

## SIXTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defense)

6. Defendants reserve the right to allege additional affirmative defenses as they discover facts or circumstances supporting those affirmative defenses through discovery or otherwise.

## **COUNTERCLAIMS**

1. Ritzio Purchase Limited and affiliated companies (collectively "Ritzio") have offered gaming and gambling services in various cities and countries under the VULKAN, ВУЛКАН, and other trademarks since as early as 1992.

2. Dareos Inc. and Dareos Ltd. (collectively with Ritzio, "Counterclaimants") are the current owners and licensors of these marks, as described more fully herein.

3. Upon information and belief, GGS Ltd and InfoStar Management Ltd ("Counterdefendants") offer online gambling services under domain names including, but not limited to:

    Vulkanclub.org
    Vulkanclub.net
    Vulkanclub.biz
    Vulkanclub.info
    Game-vulcan.com
    Game-vulkan.com
    Lucky-vulcan.com
    Lucky-vulkan.com
    Play-vulcan.com
    Play-vulkan.com
    Moi-vulcan.com
    Moi-vulkan.com
    Vlk.me
    Velkam.email
    Vulcandeluxe.club
    Vulkandeluxe.club
    Vulkandelux.club
    Vulcandelux.club

DENTONS US LLP
601 S. FIGUEROA STREET
SUITE 2500
LOS ANGELES, CA 90017-5704
PHONE: 213-623-9300

        Vulkandeluxe.email
        Vulkanplay.net
        Vulkan-million.com
        Vulcanno.com

(collectively, the "Domain Names").

4. These Counterclaims allege claims under § 43 of the Lanham Act, making jurisdiction proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5. This Court has personal jurisdiction over Counterdefendants because they have subjected themselves to the Court by filing the Complaint, as well as because of their sufficient contacts with this judicial district through their registration and use of the Domain Names registered with GoDaddy.com, a registrar based in this judicial district.

## **Background**

6. Ritzio is a leading gaming operator with an excellent reputation, well-known by its gaming club and gaming machine customers around the world for its high quality and technologically advanced offerings.

7. Ritzio has expanded far beyond its Russian origins, with more than 2,000 employees, over 230 Вулкан and/or Vulkan branded gaming clubs and upwards of 6,300 gaming machines deployed throughout Europe.

8. Between 2006 and 2010 alone, Ritzio's operating revenue exceeded $5.5 billion. Ritzio's company overview and exemplar photographs of Вулкан and Vulkan branded gaming halls are attached hereto as *Exhibit A*.

9. Counterclaimants own numerous registered trademarks including, but not limited to:

(a) German trade mark number 302008017149 for VULKAN (stylised in a device mark), registered on February 24, 2009;

(b) Russian trade mark number 353692 for VULKAN, registered on November 18, 2005;

(c) International trade mark number 791038 for ВУЛКАН (stylised in a device mark), registered on September 3, 2002, designating Armenia, Azerbaijan, Belarus, Estonia, Georgia, Kyrgyzstan, Kazakhstan, Lithuania, Latvia, Moldova, Tajikistan, Turkmenistan, Ukraine and Uzbekistan;

(d) International trade mark number 989103 for VOLCANO, registered on August 11, 2008, designating Belarus, European Community, Croatia, Kazakhstan, Serbia and Ukraine; and

(e) International trade mark number 949162 for a stylised version of the letter "V", registered on January 26, 2007, designating Estonia, Latvia, Belarus, Kazakhstan, Lithuania and Ukraine.

Attached as *Exhibit B* hereto is a listing of more than 45 registrations for Counterclaimants' VULKAN trademarks (collectively, the "Trademarks").

10.     The Trademarks are valid and subsisting, and extend to goods and services including gaming, lotteries, and betting.

11.     There are no pending petitions for cancellation or approved oppositions of the Trademarks.

12.     Counterclaimants Dareos Ltd. and Dareos Inc. are the owners of their respective Trademarks, which are licensed to Ritzio.

13. The Trademarks are used to offer their registered goods and services, including, for example, at the Ritzio website www.ritzio.com. (See *Exhibit C*.)

14. Due to Ritzio's extensive use and excellent reputation, Counterclaimants have established significant goodwill in the Trademarks.

15. The Trademarks reflect a successful, well-recognized brand in Germany, Eastern Europe, and other territories.

16. In contrast, Counterdefendants have a long history of registering domain names identical or confusingly similar to their victims' trademarks, including in UDRP proceedings Case Nos. D2015-0875; D2015-1106; and D2018-0104, in which Counterdefendants were named respondents.

17. Upon information and belief, Counterdefendants have never been known by "Vulkan" or any similar name or trademark.

18. However, Counterdefendants registered the Domain Names after the WIPO Administrative Panel issued decisions ordering transfer of similar cybersquatting domain names to Counterclaimants. Counterdefendants use the associated websites to offer services similar to those offered by Counterclaimants.

19. In response to Counterdefendants' registration of the Domain Names and use thereof for gaming services similar to those offered by Counterclaimants, Counterclaimants filed a Complaint before the World Intellectual Property Organization ("WIPO") on January 19, 2018. Counterdefendants filed a response.

20. After reviewing the submissions of the parties' contentions and evidence, on May 1, 2018 the WIPO Administrative Panel found that:

        a.      The Domain Names are identical or confusingly similar to Counterclaimants' Trademarks;

        b.      Counterdefendants have no rights or legitimate interests with respect to the Domain Names; and

        c.      The Domain Names were registered and being used in bad faith.

(See *Exhibit D*, WIPO Administrative Panel Decision.)

21.    Rather than comply with the Decision and allow the registrar to transfer the Domain Names to Counterclaimants, Counterdefendants filed the instant action, preventing the transfer and causing further harm to Counterclaimants' business and reputation, as set forth herein.

22.    On information and belief, this action is part of a pernicious cybersquatting scheme by Counterdefendants, their affiliates, and others to capitalize on Counterclaimants' goodwill by registering hundreds of domain names which infringe on Counterclaimants' Trademarks.

23.    WIPO has ordered the transfer of hundreds of domain names to Counterclaimants in more than 14 UDRP decisions because it found them to be cybersquatting on Counterclaimants' Trademarks.

24.    This cybersquatting has caused significant damages to Counterclaimants.

## Count I
## Cybersquatting Pursuant to 15 U.S.C. § 1125(d)(1)

25.    Counterclaimants repeat, reallege, and incorporate by reference each and every allegation contained in the preceding paragraphs of these Counterclaims.

26. Counterdefendants have registered the Domain Names described above.

27. Counterdefendants registered the Domain Names in bad faith, as shown in part by their registration of multiple identical infringing domain names and use of a privacy shield to attempt to hide their identity.

28. At the time of Counterdefendants' registration of the Domain Names, and continuing to-date, Counterclaimants' Trademarks were valid, subsisting, and distinctive.

29. At all times, Counterdefendants have held and demonstrated a bad faith intent to register and use the Domain Names to trade on Counterclaimants' goodwill and reputation.

30. The aforesaid acts are in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

31. Counterclaimants have been damaged by loss of business, and harm to reputation and goodwill caused by the registration and use of the Domain Names.

### Count II
### Unfair Competition

32. Counterclaimants repeat, reallege, and incorporate by reference each and every allegation contained in the preceding paragraphs of these Counterclaims.

33. Counterdefendants' use of the Domain Names constitutes a false designation of origin, a false or misleading description of fact, and false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection or association of Counterdefendants with Counterclaimants; the origin, sponsorship, or approval of Counterdefendants by Counterclaimants; and the

16
DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

109334978\V-6

nature, characteristics, or qualities of Counterdefendants' rendering of services in connection with the Domain Names.

34. The aforesaid acts constitute federal unfair competition in violation of Title 15 U.S.C. § 1125(a).

## Count III
## Unjust Enrichment

35. Counterclaimants repeat, reallege, and incorporate by reference each and every allegation contained in the preceding paragraphs of these Counterclaims.

36. Upon information and belief, Counterdefendants have received and continue to receive profits and other benefits from their unauthorized marketing, advertising, and distribution of goods and services using the Domain Names and other colorable imitations of the Trademarks. Those profits and other benefits, to the extent that they have been and are being generated by Counterdefendants' use of the Domain Names or Trademarks, rightfully belong to and should have been received by Counterclaimants.

37. By reason of their infringing actions, Counterdefendants have been unjustly enriched at Counterclaimants' expense in an amount to be proved at trial.

38. All profits and other benefits that have been received by Counterdefendants from their unauthorized marketing, advertising, and distribution of goods and services using the Domain Names and other colorable imitations of the Trademarks are now due and owing to Counterclaimants.

WHEREFORE, Defendants/Counterclaimants pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Complaint be dismissed with prejudice;
3. That judgment be entered in Defendants' favor, granting Defendants:
    a. monetary damages pursuant to 15 U.S.C. § 1125,
    b. an accounting and disgorgement of all profits derived by Plaintiffs from the offering or sale of products or services under the Domain Names,
    c. an order directing Plaintiffs to relinquish all rights in the Domain Names and directing the Domain Names registrar to transfer the Domain Names to Counterclaimants, and
    d. a preliminary and permanent injunction restraining Plaintiffs, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the sale, offering for sale, distribution, advertising, promotion, or labeling of any product or service, or using for any commercial purpose whatsoever: (1) Defendants' Trademarks or similar terms; (2) the Domain Names; (3) any other designation that is likely to cause dilution of the distinctiveness of Defendants' Trademarks or injury to Defendants' business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Plaintiffs' business, products, and services are in any way associated with or related to Defendants' or their products and services;
    e. for punitive and exemplary damages to be determined by the Court
4. For attorneys' fees;
5. For costs of suit; and
6. For such other and further relief as this Court may deem just and proper.

18
DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

109334978\V-6

| | |
|---|---|
| Dated:  November 15, 2018 | DENTONS US LLP |
| | ___/s/ Kate E. Hart_____ |
| | Attorneys for Defendants/Counterclaimants<br>Ritzio Purchase Limited, Dareos Inc., and Dareos Ltd |

DENTONS US LLP
601 S. FIGUEROA STREET
SUITE 2500
LOS ANGELES, CA 90017-5704
PHONE: 213-623-9300

19
DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
109334978\V-6

# **CERTIFICATE OF SERVICE**

Defendants, by and through their undersigned attorney of record, hereby certify that Defendants' Answer, Affirmative Defenses, and Counterclaims was served via electronic mail and CM-ECF, on the 15th day of November, 2018 on the following counsel:

>Matthew Shayefar
>Valentin Gurvits
>Boston Law Group, PC
>825 Beacon Street, Suite 20
>Newton Centre, Massachusetts 02459
>Tel: (617) 928-1800
>Fax: (617) 928-1802
>matt@bostonlawgroup.com
>vgurvits@bostonlawgroup.com
>Attorneys for Plaintiffs

Dated: November 15, 2018                    Respectfully submitted,

DENTONS US LLP

By: /s/ *Kate E. Hart*

Michael Bierman (*pro hac vice*)
Kate E. Hart (*pro hac vice*)
601 S. Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
Phone: 213-623-9300
Fax: 213-623-9924