**Valentin Gurvits** (*pro hac vice*)
vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*)
matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1800 | Fax: 617-928-1802

*Attorneys for Plaintiffs/Counter-Defendants*

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| **GGS Ltd**, an Anguilla company, and **InfoStar Management Ltd,** an English company, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> **Ritzio Purchase Limited**, a Cyprus company, **Dareos Inc.**, a Marshall Islands company, and **Dareos Ltd.**, a Cyprus company, <br><br> Defendants/Counter-Claimants. | Case No.: CV-18-01512-PHX-DLR <br><br> **COUNTER-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-CLAIMANTS' COUNTERCLAIMS** |

Plaintiffs/Counter-Defendants GGS Ltd and InfoStar Management Ltd. ("Counter-Defendants") hereby answer the numbered paragraphs of Defendants Ritzio Purchase Limited ("Ritzio"), Dareos Inc. and Dareos Ltd.'s (collectively "Counter-Claimants") Counterclaims as follows:

## ANSWER TO COUNTERCLAIMS

1. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

2. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

3. Counter-Defendants admit only that GGS offers gaming services at the domain names listed in this paragraph, but deny the remaining allegations of this paragraph.

4. This paragraph sets forth legal conclusions and questions of law, or makes reference to a document that speaks for itself, to which no response is required. But, to the extent a response is deemed necessary, Counter-Defendants deny the allegations of this paragraph.

5. This paragraph sets forth legal conclusions and questions of law, or makes reference to a document that speaks for itself, to which no response is required. But, to the extent a response is deemed necessary, Counter-Defendants deny the allegations of this paragraph.

### Background

6. Denied.

7. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

8. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

9. This paragraph sets forth legal conclusions and questions of law, or makes reference to a document that speaks for itself, to which no response is required.  But, to the extent a response is deemed necessary, Counter-Defendants deny the allegations of this paragraph.

10. Denied.

11. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

12. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

13. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Counter-Defendants admit that Counter-Claimants filed a complaint before WIPO on January 19, 2018 and admit that Counter-Defendants filed a response, but Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the remaining allegations in this paragraph, and on that basis deny the allegations contained therein.

20. The referenced document speaks for itself and Counter-Defendants deny any characterization or mischaracterizations thereof.  To the extent that a response is required, Counter-Defendants deny the allegations of this paragraph.  In answering further, Counter-Defendants state that the WIPO Administrative Panel's findings have no precedential or binding effect whatsoever and that Counter-Defendants strenuously disagree with their findings.

21. Counter-Defendants only admit that they filed this current action to prevent the unjustified taking of their property without proper legal adjudication, to pursue legal remedies to which they are entitled, and to protect themselves from Counter-Claimants' abuse of the UDRP proceedings.  Counter-Defendants deny the remaining allegations of this paragraph.

22. Denied.  In answering further, Counter-Defendants state that this action is a defense to Counter-Claimants' own pernicious attempts to abuse UDRP proceedings and to unfairly stifle legitimate competition.

23. Counter-Defendants are without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

24. Denied.

## Count I

## Cybersquatting Pursuant to 15 U.S.C. § 1125(d)(1)

25. Counter-Defendants repeat, re-allege, and incorporate by reference each and every response contained in the preceding paragraphs.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. This paragraph sets forth legal conclusions and questions of law, to which no response is required. But, to the extent a response is deemed necessary, Counter-Defendants deny the allegations of this paragraph.

31. Denied.

## Count II

## Unfair Competition

32. Counter-Defendants repeat, re-allege, and incorporate by reference each and every response contained in the preceding paragraphs.

33. Denied.

34. This paragraph sets forth legal conclusions and questions of law, to which no response is required. But, to the extent a response is deemed necessary, Counter-Defendants deny the allegations of this paragraph.

## Count III

## Unjust Enrichment

35. Counter-Defendants repeat, re-allege, and incorporate by reference each and every response contained in the preceding paragraphs.

36. Denied.

37. Denied.

38. Denied.

## GENERAL DENIAL

Each and every allegation of the Counterclaims not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The allegations and claims in the Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

2. The Counterclaims are barred, in whole or in part, on the basis that the putative trademarks and trademarks rights of Counter-Claimants are invalid.

3. The Counterclaims are barred, in whole or in part, by the doctrine of trademark misuse.  Specifically, but without limitation, Counter-Claimants' filing of this case, putative strategies for protecting its purported trademarks, and general litigation strategies show a clear intent by them to use their purported trademarks for a purpose other than which they were intended.

4. The Counterclaims are barred, in whole or in part, and Counter-Claimants are barred from equitable relief, by the doctrine of unclean hands.

5.  Counter-Defendants' actions and omissions constitute fair use and, as such, the Counterclaims, in whole or in part, must fail.

6.  The Counterclaims must fail, in whole or in part, because any alleged acts of infringement or any other actions or omissions claimed in the Counterclaims, which Counter-Defendants deny, would have occurred entirely outside the United States of America.

7.  The Counterclaims are barred, in whole or in part, by lack of scienter and/or because the alleged wrongdoings were innocent.

8.  The Counterclaims are barred, in whole or in part, because any damages to Counter-Claimants were not the proximate result of Counter-Defendants' actions or omissions. Specifically, but without limitation, Counter-Defendant engaged in no conduct or omissions which resulted in any damages to Counter-Claimants which were a natural, direct and uninterrupted consequence of their actions or omissions.

9.  Counter-Claimants are not entitled to injunctive relief because they have not suffered irreparable harm.  Specifically, but without limitation, to the extent that Counter-Claimants have suffered any harm, which Counter-Defendants deny, any such harm can be fully remedied by monetary damages only.

10. Counter-Claimants cannot recover damages from Counter-Defendants to the extent that damages alleged by Counter-Claimants are speculative or uncertain.  Specifically, but without limitation, Counter-Claimants cannot with any certainty demonstrate that they lost any actual profits from the alleged actions and omissions of Counter-Defendants or that Counter-Defendant made any profit attributable directly to their alleged actions and omissions.

11. Counter-Claimants cannot recover damages from Counter-Defendants to the extent that Counter-Claimants failed to mitigate their alleged damages.

12. Counter-Defendants' actions and omissions were permitted by waiver, explicit consent, implicit consent, implied license, license, acquiescence, laches, estoppel, desire and/or the intention of Counter-Claimants.

13. The Counterclaims are barred, in whole or in part, because the accused actions do not create any likelihood of confusion. Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between Counter-Defendants and Counter-Claimants or be confused as to the origin, producer or manufacturer of the works, products or services at issue in this litigation.

14. Without admitting that the Counterclaims state a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Counter-Defendants or for any alleged single wrong. Specifically, but without limitation, Counter-Claimants have alleged multiple alternative theories of liability against Counter-Defendants for the same single alleged wrong, and Counter-Claimants are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

15. To the extent that Counter-Claimants have any legitimate claims, which Counter-Defendants deny, such claims would only serve as an off-set against Counter-Defendants' claims.

16. The Counterclaims are barred, in whole or in part, on the basis of the statute of limitation.

17. The Counterclaims are barred, in whole or in part, because Counter-Defendants' statements, representations and advertising were not false, misleading, or likely to mislead.

18. The Counterclaims are barred, in whole or in part, because Counter-Defendants' statements, representations and advertising were not false, misleading, or likely to mislead, and constitute protected commercial speech.

19. The actions and omissions of Counter-Defendants are protected by the privilege of competition in that Counter-Defendants did not use any wrongful means to advance a legitimate interest in competing in the free market.

20. Counter-Claimants are not entitled to statutory damages and/or attorney fees to the extent that the marks alleged to have been infringed were not timely and/or properly registered.

21. The Counterclaims are barred, in whole or in part, on the basis of a lack of standing. Without limitation of the foregoing, some or all of the Counter-Claimants do not have any rights to the putative trademarks at issue in this action.

22. The Counterclaims are barred, in whole or in part, on the basis of Counter-Claimants' failures to comply with all conditions precedent to filing suit.

23. The Counterclaims are barred, in whole or in part, by such other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

Counter-Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent upon discovery of further information concerning the Counterclaims.

**COUNTER-DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**WHEREFORE**, Counter-Defendants pray for the following relief:

1. That Counter-Claimants take nothing by way of their Counterclaims, that the Counterclaims be dismissed with prejudice and that judgment be rendered in favor of Counter-Defendants;

2. That Counter-Defendants be awarded their costs, including reasonable attorneys' fees incurred herein, as permitted by law; and

3. Such other and further relief as the Court deems just and proper.

Dated: December 6, 2018

Respectfully submitted,
Plaintiffs/Counter-Defendants,
By their Attorneys,

/s/  Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:   (617) 928-1800
Fax:   (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on December 6, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

SERVICE LIST

Michael H Bierman
Dentons US LLP
601 S Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Michael.bierman@dentons.com

Kate E Hart
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Kate.hart@dentons.com