**Valentin Gurvits** (*pro hac vice*)
vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*)
matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1800 | Fax: 617-928-1802

*Attorneys for Plaintiffs/Counter-Defendants*

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| **GGS Ltd**, an Anguilla company, and **InfoStar Management Ltd,** an English company, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> **Ritzio Purchase Limited**, a Cyprus company, **Dareos Inc.**, a Marshall Islands company, and **Dareos Ltd.**, a Cyprus company, <br><br> Defendants/Counter-Claimants. | Case No.: CV-18-01512-PHX-DLR <br><br> **JOINT PROPOSED DISCOVERY PLAN** |

The Parties, by and through their respective undersigned counsel, and pursuant to this Court's Order Setting Rule 16 Scheduling Conference [D.E. 10] and Federal Rule of Civil Procedure 26(f), hereby submit the following Joint Proposed Discovery Plan:

**1.    The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan.**

Matthew Shayefar, on behalf of Plaintiffs/Counter-Defendants

Kate E Hart, on behalf of Defendants/Counter-Claimants

**2.    A short statement on the nature of the case, including a description of each claim and defense.**

Plaintiffs' Statement:

Plaintiffs are the registrants of a number of domain names that evoke the term "volcano," which GGS uses for gaming websites targeted to Russian-language speakers based almost entirely in Russian and Ukraine. Defendants are the putative owners and licensees of several purported trademarks used in connection with gaming that also evoke the term "volcano" (primarily, the VULKAN mark). After years of acting as if they had no trademark rights, and years after they ceased using the purported trademarks in Russian and Ukraine, Defendants filed an administrative proceeding against Plaintiffs under the rules of the Uniform Domain-Name Dispute-Resolution Policy (the "UDRP"), alleging that the domain names infringed Defendants' trademark rights.

Plaintiffs opposed Defendants' UDRP action on multiple grounds, all of which continue to be relevant in this case. Specifically, but without limitation, VULKAN is not a valid trademark as used in connection with gambling in Russia, where gambling is virtually illegal, (2) all the asserted country-level trademark registrations that were issued in Russia prior to the prohibition are not invalid, (3) Defendants never had the exclusive right to use the term VULKAN in connection with gaming in Ukraine, (4) Defendants' international trademark registration rely on those invalid Russian registration, (5) Defendants' have been using the UDRP and other proceedings to perpetrate a fraud upon the UDRP and Plaintiffs, (6) Defendants either explicitly consented to Plaintiffs using the putative trademarks without any oversight or licensing, or simply did not care that third parties did so, (7) the domain names are not

confusingly similar to Defendants' putative trademarks, and (8) Plaintiffs have rights and legitimate interests in the dispute domains.

Despite Plaintiffs' arguments to the administrative panel making the decision in the UDRP proceeding, the panel declined to consider the arguments of Plaintiffs. This is not surprising because a UDRP proceeding is not meant to be an exhaustive and authoritative judicial proceeding and does not take into account complex matters like trademark validity, laches, or contractual issues. See, e.g., *Clinomics Biosciences, Inc. v. Simplicity Software, Inc.*, WIPO Case No. D2001-0823; *Libro AG v. NA Global Link Limited*, WIPO Case No. D2000-0186. A UDRP proceeding generally consists of nothing more than an initial complaint by the complainant, a response by the respondent and, in certain circumstances, a reply by the complainant and a sur-reply by the respondent. There is no discovery, oral arguments or any other procedures in the UDRP that constitute a full adjudication of rights. Because the administrative panel did not and could not take into consideration all the matters that would be necessary to properly adjudicate the parties' rights to the domain names, the administrative panel found in favor of Defendants and ordered that the domain names be transferred.

Plaintiffs have now filed this action to prevent the transfer of their domain names without a full adjudication of their rights and for declaratory relief. Defendants have responded with counter-claims that allege cybersquatting, unfair competition, and unjust enrichment. These counterclaims must fail not only for the reasons set forth above, but because, without limitation, Defendants have unclean hands, Defendants have engaged in trademark misuse (which Plaintiffs acknowledge is a theoretical defense at this time), and there is no likelihood of confusion. However, and perhaps most importantly, given that all the actions and omissions of both parties ALL occurred outside of the United States, there is also a significant question of whether

Defendants can maintain their causes of action in this country.  In comparison, Plaintiffs have filed suit here only because the domain name registrar for the disputed domain names is based in this jurisdiction and the UDRP required the same.

Defendants' Statement:

Defendants dispute the accuracy of Plaintiffs' Statement, and do not concede any fact or allegation in it.

Defendants are the owners and licensors of valid and subsisting VULKAN and VOLCANO trademarks in numerous countries.  Defendants use these marks in many countries and have done so in connection with highly successful gaming clubs and gaming machines since 1992.

Defendants never consented to Plaintiffs' use of their trademarks, and upon learning of their cybersquatting, Defendants brought a UDRP action against Plaintiffs regarding the infringing domain names at issue.  Plaintiffs admit they intend to raise the same arguments here that they made before the World Intellectual Property Office ("WIPO"), which found in Defendants' favor and ordered the domain names transferred to Defendants.

Rather than transfer the domain names as ordered, Plaintiffs brought this case, seeking a judgment that they are nonetheless entitled to use the domain names that are based on Defendants' trademarks.  Defendants seek an order directing Plaintiffs to relinquish all rights in the domain names and directing the registrar to transfer the domain names to Defendants, and injunctive relief restraining Plaintiffs from use of Defendants' trademarks, similar terms, and the domain names.  Defendants also seek damages against Plaintiffs for their cybersquatting, unfair competition, and unjust enrichment of profits and benefits through their bad acts.

**3.     A description of the principal factual and legal disputes in the case.**

The parties make reference to their statements on the nature of the case, which cover the principal factual and legal disputes as known in the case at this time.

**4.     The jurisdictional basis for the case.**

Jurisdiction is based on diversity.  Plaintiff GGS Ltd. is an Anguilla company, Plaintiff InfoStar Management Ltd is an English company, Defendant Ritzio Purchase Limited is a Cyprus company, Defendants Dareos Ltd. is a Marshall Islands company, and Defendant Dareos Ltd. is a Cyprus company.

Notwithstanding the foregoing, as noted above, Plaintiffs dispute whether this Court has subject matter jurisdiction over Defendants' Counterclaims and reserve the right to brief the Court on the same at the appropriate time.

**5.     Status of service and appearance of parties.**

All parties have been served and have appeared.

**6.     Whether any party expects to add additional parties or amend pleadings.**

No additional parties or amendments to pleadings are contemplated at this time.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions.**

Given that this case is in the very early stages (pleadings were only just recently closed), the Parties have only preliminary and general ideas as to contemplated motions.

Plaintiffs expect that they will bring summary judgment motions on two different matters: (1) whether this Court has jurisdiction over Defendants' Counterclaims and (2) whether Plaintiffs' causes of action may be decided without trial.  With the Court's permission, Plaintiffs may seek to file the motions separately.

Given the preliminary stage of the case, Defendants have not determined at this time whether they will file any motions for summary judgments.

**8.    Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The parties decline to submit to arbitration or to trial before a Magistrate Judge.

**9.    The status of related cases.**

No related cases are pending.

**10.    A discussion of the parties' compliance to date with the MIDP.**

The Parties are in compliance to date with the MIDP.  In accordance with the MIDP, the parties are scheduled to serve their initial responses in accordance with the MIDP on December 17, 2018.  As no responses have been required to be served as of yet, currently no issues have arisen under the MIDP.

**11.    A discovery of necessary discovery**.

a.    *The extent, nature and location of discovery anticipated by the parties:*

Plaintiffs intend to engage in discovery in connection with Defendants' counterclaims, Defendants' actual rights to their putative trademarks, their usage of the putative trademarks, where consumers of both Plaintiffs and Defendants are located, and the present state of foreign laws that apply to the dispute between the parties.

Defendants intend to engage in discovery in connection with their counterclaims, including Defendants' unfair competition, bad faith, and profits and benefits from their unauthorized actions.

Plaintiffs' witnesses are primarily located in Ukraine.

Defendants' witnesses are primarily located in Cyprus.

The Parties have preliminarily agreed that any depositions may be conducted via video deposition so as to limit the costs associated with travel.

    b.    *Suggested changes, if any, to discovery limitations.*

None.

    c.    *The number of hours permitted for each deposition, unless extended by agreement of the parties.*

Seven hours. However, the Parties are cognizant that interpreters may be required for depositions and will confer on whether additional time will be necessary and/or desirable in such situations.

**12.    A statement of when parties served their MIDP discovery responses.**

The Parties are not yet required to serve their MIDP discovery responses and have not yet served their responses. The parties' responses are currently due on December 17, 2018.

**13.    Proposed specific dates for deadlines.**

|    |                                | Proposed Dates     |
|----|--------------------------------|--------------------|
| a. | Completion of fact discovery:  | June 14, 2019      |
| b. | Expert witness disclosures:    | July 19, 2019      |
| c. | Complete expert depositions:   | August 16, 2019    |
| d. | File dispositive motions:      | September 27, 2019 |
| e. | Settlement Talks:              | June 14, 2019      |

**14.    Whether jury trial has been requested.**

Jury trial has been requested by all parties.

**15.     Estimated length of trial.**

Three to four full days.

**16.     Prospected for settlement.**

The prospects of settlement are as of yet undetermined given the early status of the case.

**17.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by the Federal Rules of Civil Procedure.**

The Parties are not aware of any such matters at this time.

DATED this 10th day of December, 2018.

Respectfully submitted,

Plaintiffs
By their Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: (617) 928-1800
Fax: (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Defendants
By their Attorneys,

/s/ Kate E. Hart
Kate E. Hart (*pro hac vice*)
Michael H. Bierman (*pro hac vice*)
Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Tel: 816 460 2456
kate.hart@dentons.com
michael.bierman@dentons.com