1
2
3
4
5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    GGS Limited, et al.,                    No. CV-18-01512-PHX-DWL

10              Plaintiffs,                   **CASE MANAGEMENT ORDER**

11   v.

12   Ritzio Purchase Limited, et al.,

13              Defendants.

14

15          The Court enters the following Case Management Order to govern the litigation in

16   this case:

17   1.     <u>Mandatory Initial Discovery Pilot Project</u>.  This case is subject to the Mandatory

18   Initial Discovery Pilot Project ("MIDP") implemented by General Order 17-08.   The

19   parties must comply with the requirements of the MIDP and need not make the initial

20   disclosures required by Federal Rule of Civil Procedure 26(a).  Parties that have not already

21   served MIDP responses must do so by the deadlines specified in paragraph 6 of General

22   Order 17-08.

23   2.     <u>Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings</u>.  No

24   joinder of parties, amending pleadings or filing supplemental pleadings shall be filed.

25   3.     <u>Federal Rule of Evidence 502(d) Non-Waiver Order</u>.   The Court orders that a

26   communication or information covered by the attorney-client privilege or work-product

27   protection that is disclosed in connection with the litigation pending before the Court does

28   not waive the privilege or protection in this or any other federal or state proceeding.  This

1    provision does not require any party agreement, and it avoids the need to litigate whether

2    an inadvertent production was reasonable.  By reducing the risk of waiver, this Order

3    affords parties the opportunity to reduce the cost of discovery by reducing preproduction

4    privilege review.

5    4.      Discovery Limitations.  Depositions shall be limited to seven hours each, as

6    provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  A party may serve on

7    any other party up to 25 interrogatories, including subparts, 25 requests for production of

8    documents, including subparts, and 25 requests for admissions, including subparts.  The

9    limitations set forth in this paragraph may be increased by mutual agreement of the parties,

10    but such an increase will not result in an extension of the discovery deadlines set forth in

11    this Order.

12    5.      MIDP Supplemental Responses and Fact Discovery.  The deadline for final

13    supplementation of MIDP responses and the completion of fact discovery, including

14    discovery by subpoena, shall be **June 14, 2019**.[1]  To ensure compliance with this deadline,

15    the following rules shall apply:

16        a.      Depositions: All depositions shall be scheduled to start at least five working

17    days before the discovery deadline.  A deposition started five days before the deadline may

18    continue up until the deadline, as necessary.

19        b.      Written Discovery: All interrogatories, requests for production of

20    documents, and requests for admissions shall be served at least **45 days** before the fact

21    discovery deadline.

22        c.      Notwithstanding Local Rule of Civil Procedure 7.3, the parties may mutually

23    agree in writing, without Court approval, to extend the time for providing discovery in

24    response to requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

25    ///

---

26    [1]      General Order 17-08 implements the MIDP and should be reviewed carefully.  It

27    requires parties to timely supplement their MIDP responses as new information is discovered.  Parties that fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions.  Parties that unreasonably

28    postpone disclosure of relevant information to the end of the discovery period also will be subject to sanctions.

1   Such agreed-upon extensions, however, shall not alter or extend the deadlines set
2   forth in this Order.

3   d.   Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-
4   party witnesses shall **not** be permitted to attend (either physically, electronically, or
5   otherwise) the deposition of any other witness in this case without an order of this Court to
6   the contrary.

7   6.   Expert Disclosures and Discovery.

8   a.   The party with the burden of proof on an issue shall provide full and complete
9   expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil
10   Procedure, no later than **July 12, 2019**.

11   b.   The responding party (not having the burden of proof on the issue) shall
12   provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the
13   Federal Rules of Civil Procedure, no later than **August 9, 2019**.

14   c.   The party with the burden of proof on the issue shall make its rebuttal expert
15   disclosures, if any, no later than **August 23, 2019**.  Rebuttal experts shall be limited to
16   responding to opinions stated by the opposing party's experts.

17   d.   No depositions of any expert witnesses shall occur before the aforementioned
18   disclosures concerning expert witnesses are made.

19   e.   Expert depositions shall be completed no later than **September 6, 2019**.  All
20   expert depositions shall be scheduled to commence at least five working days before this
21   deadline.

22   f.   Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure
23   must include the identities of treating physicians and other witnesses who will provide
24   testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to
25   provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required
26   for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify
27   not only the subjects on which the witness will testify, but must also provide a summary of
28   the facts and opinions to which the expert will testify.  The summary, although not as

1   detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of

2   what the expert will say at trial.[2]

3           g.      As stated in the Advisory Committee Notes to Rule 26 of the Federal Rules

4   of Civil Procedure (1993 amendment), expert reports under Rule 26(a)(2)(B) must set forth

5   "the testimony the witness is expected to present during direct examination, together with

6   the reasons therefor."  Full and complete disclosures of such testimony are required on the

7   dates set forth above.  Absent extraordinary circumstances, parties will not be permitted to

8   supplement expert reports after these dates.  The Court notes, however, that it usually

9   permits parties to present opinions of their experts that were elicited by opposing counsel

10  during depositions of the experts.  Counsel should depose experts with this fact in mind.

11          h.      Each side shall be limited to one retained or specifically employed expert

12  witness per issue.

13          i.      An untimely-disclosed expert will not be permitted to testify unless the party

14  offering the witness demonstrates that (a) the necessity of the expert witness could not have

15  been reasonably anticipated at the time of the disclosure deadline, (b) the opposing counsel

16  or unrepresented parties were promptly notified upon discovery of the expert witness, and

17  (c) the expert witness was promptly proffered for deposition.  *See Wong v. Regents of Univ.*

18  *of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

19  7.      Discovery Disputes.

20          a.      The parties shall not file written discovery motions without leave of the

21  Court.  Except during a deposition, if a discovery dispute arises and cannot be resolved

22  despite sincere efforts to resolve the matter through personal consultation (in person or by

23  telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to

24  exceed two pages, with explanation of the position taken by each party, and (2) a joint

25  written certification that counsel or the parties have attempted to resolve the matter through

26  ---
[2]      In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011),
27  the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s
    written report requirement to the extent that his opinions were formed during the course of
28  treatment."  *Id.* at 826.  Thus, for opinions formed outside the course of treatment, Rule
    26(a)(2)(B) written reports are required.  *Id*.  For opinions formed during the course of
    treatment, Rule 26(a)(2)(C) disclosures will suffice.

1  personal consultation and sincere efforts as required by Local Rule of Civil Procedure

2  7.2(j) and have reached an impasse.  If the opposing party has refused to personally consult,

3  the party seeking relief shall describe the efforts made to obtain personal consultation.

4  Upon review of the written submission, the Court may set a telephonic conference, order

5  written briefing, or decide the dispute without conference or briefing.  Any briefing ordered

6  by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

7  　　　　b.　　　If a discovery dispute arises in the course of a deposition and requires an

8  immediate ruling of the Court, the parties shall jointly telephone the Court to request a

9  telephone conference regarding the dispute.

10  　　　　c.　　　Absent extraordinary circumstances, the Court will not entertain fact

11  discovery disputes after the deadline for completion of fact discovery and will not entertain

12  expert discovery disputes after the deadline for completion of expert discovery.  Delay in

13  presenting discovery disputes for resolution is not a basis for extending discovery

14  deadlines.

15  8.　　　Dispositive Motions.

16  　　　　a.　　　Dispositive motions shall be filed no later than **September 27, 2019**.

17  　　　　b.　　　No party shall file more than one motion for summary judgment under Rule

18  56 of the Federal Rules of Civil Procedure without leave of the Court.

19  　　　　c.　　　Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d).

20  The Court will decide summary judgment motions under Federal Rule of Civil Procedure

21  56 only.  In other words, the parties may not file separate statements of facts or separate

22  controverting statements of facts, and instead must include all facts in the motion, response,

23  or reply itself.  All evidence to support a motion or response that is not already part of the

24  record must be attached to the motion or response itself.  The evidence may include only

25  relevant excerpts rather than full documents.  No evidence may be submitted with a reply.

26  Because no separate controverting statement of facts will be permitted, the responding

27  party must carefully address all material facts raised in the motion.  Likewise, the reply

28  must carefully address all material facts raised in the response.  Any fact that is ignored

1    may be deemed uncontested.  Procedurally, immediately following the motion should be a

2    numerical table of contents for the exhibits.  The table of contents shall include only a title

3    for each exhibit, not a description.  Following the table of contents should be each exhibit

4    (unless the document is already part of the record), numbered individually.  Immediately

5    following the response to the motion should be an alphabetical table of contents (again, the

6    table of contents shall include only a title for each exhibit, not a description).  Following

7    the table of contents should be each exhibit (unless the document is already part of the

8    record), labeled alphabetically.  By way of example, citations to exhibits attached to the

9    motion would be "(Ex. 1 at 7)" and citations to exhibits attached to the response would be

10   "(Ex. D at 3)."  Citations to documents that are already part of the record shall reference

11   the docket number where the document can be found and include a pin cite to the relevant

12   page—for example, "(Doc. 15 at 4)."

13       d.      The parties shall not notice oral argument on any motion.  Instead, a party

14   desiring oral argument shall place the words "Oral Argument Requested" immediately

15   below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f).  The Court

16   may decline the request and decide the motion without holding oral argument.  If the

17   request is granted, the Court will issue a minute entry informing the parties of the argument

18   date and time.

19   9.      Motions for Attorneys' Fees.  All motions for an award of attorneys' fees shall be

20   accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and

21   opposing counsel, containing an itemized statement of legal services with all information

22   required by Local Rule 54.2(e)(1).  This spreadsheet shall be organized with rows and

23   columns and shall automatically total the amount of fees requested to enable the Court to

24   efficiently review and recompute, if needed, the total amount of any award after

25   disallowing any individual billing entries.  This spreadsheet does not relieve the moving

26   party of its burden under Local Rule 54.2(d) to attach all necessary supporting

27   documentation to its motion.  A party opposing a motion for attorneys' fees shall email to

28   the Court and opposing counsel a copy of the moving party's spreadsheet, adding any

1  objections to each contested billing entry (next to each row, in an additional column) to

2  enable the Court to efficiently review the objections.  This spreadsheet does not relieve the

3  non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive

4  memorandum.

5  10.     Good Faith Settlement Talks.  All parties and their counsel shall meet in person and

6  engage in good faith settlement talks no later than **September 6, 2019**.  Upon completion

7  of such settlement talks, and in no event later than five working days after the deadline set

8  forth in the preceding sentence, the parties shall file with the Court a joint report on

9  settlement talks executed by or on behalf of all counsel.  The report shall inform the Court

10  that good faith settlement talks have been held and shall report on the outcome of such

11  talks.  The parties shall indicate whether assistance from the Court is needed in seeking

12  settlement of the case.  The Court will set a settlement conference before a magistrate judge

13  upon request of all parties.  The parties are reminded that they are encouraged to discuss

14  settlement at all times during the pendency of the litigation, but the Court will not extend

15  the case management deadlines if and when the parties elect to pursue settlement efforts,

16  including a settlement conference before a magistrate judge.  The parties should plan their

17  settlement efforts accordingly.  The parties shall promptly notify the Court if settlement is

18  reached.

19  11.     The Deadlines Are Real.  The Court intends to enforce the deadlines set forth in this

20  Order, and the parties should plan their litigation activities accordingly.

21  12.     Briefing Requirements.

22      a.     All memoranda filed with the Court shall comply with Local Rule of Civil

23  Procedure 7.1(b) requiring 13-point font in text and footnotes.

24      b.     Citations in support of any assertion in the text shall be included in the text,

25  not in footnotes.

26      c.     To ensure timely case processing, a party moving for an extension of time,

27  enlargement of page limitations, leave to amend, or leave to file a document under seal

28  ///

- 7 -

1  shall indicate in the motion whether the non-movant opposes the request and intends to file

2  a written response.

3      13.    <u>Deadline for Notice of Readiness for Final Pretrial Conference</u>.  The Plaintiff(s)

4  shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference

5  pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.  The Plaintiff(s) shall file

6  and serve this notice within seven days after the dispositive motion deadline if no

7  dispositive motions are pending on that date.  If dispositive motions are pending,

8  Plaintiff(s) shall file and serve such notice within seven days after the resolution of the

9  dispositive motions.  The Court will then issue an Order Setting Final Pretrial Conference

10  that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion

11  of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties

12  concerning their duties in preparing for the Final Pretrial Conference.  A firm trial date will

13  be set at the Final Pretrial Conference.

14      14.    <u>Dismissal for Failure to Meet Deadlines</u>.  The parties are warned that failure to meet

15  any of the deadlines in this Order or in the Federal or Local Rules of Civil Procedure

16  without substantial justification may result in sanctions, including dismissal of the action

17  or entry of default.

18      15.    <u>Requirement for Paper Courtesy Copies</u>.  A paper courtesy copy of dispositive

19  motions and responses, replies thereto, and any document exceeding 10 pages in length

20  shall be either postmarked and mailed directly to the judge or hand-delivered to the judge's

21  mail box located in the courthouse by the next business day after the electronic filing.  A

22  copy of the face page of the Notice of Electronic Filing shall be appended to the last page

23  of the courtesy copy.  Courtesy copies of documents too large for stapling must be bound

24  with a metal prong fastener at the top center of the document or submitted in three-ring

25  binders.  If courtesy copies are not delivered within three days of the file date, the Court

26  may strike the pleading summarily.

27      Dated this 17th day of December, 2018.

28

Dominic W. Lanza
United States District Judge

- 8 -