1
2
3
4

DOUGLAS A. GRADY (*pro hac vice*)
dgrady@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, Washington 98104
Telephone: 206-566-7120
Facsimile: 206-624-7317

5
6
7
8
9

CLAIR C. PENA
State Bar No. 032756
cpena@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216-621-0200
Facsimile: 216-696-0740

10

Attorneys for Defendants Ritzio Purchase
Ltd., Dareos Inc., and Dareos Ltd.

11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

12
13

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

14
15
16
17
18
19
20

| GGS Ltd. and Infostar Management Ltd., | No. CV-18-01512-PHX-DWL |
|---|---|
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO EXTEND CASE DEADLINES (FIRST REQUEST)** |
| Ritzio Purchase Ltd., Dareos Inc., and Dareos Ltd., | |
| Defendants. | |

21       Defendants Ritzio Purchase Limited, Dareos Inc., and Dareos Ltd. (collectively, for

22   ease of reference, "Ritzio") respectfully move this Court for an order extending certain

23   case deadlines in this matter. This motion is brought pursuant to Local Rule 7.3 and is

24   based on the Declaration of Douglas Grady filed concurrently herewith ("Grady

25   Declaration"). In support of this motion, Ritzio submits the following memorandum.

26                                        **BACKGROUND**

27       Ritzio is the owner and licensee of "VULKAN" and other internationally registered

28   trademarks. Dkt. 27 at 1-2, 11. Plaintiffs GGS Ltd. and Infostar Management Ltd.

1    (collectively, for ease of refererence, "GGS") registered hundreds of similarly worded

2    domain names with GoDaddy.com, a domain name registrar based in this District. *Id.* at

3    11-12.

4        On January 19, 2018, Ritzio filed an arbitration action before the World Intellectual

5    Property Organization ("WIPO"). Dkt. 1. After considering the parties' submissions and

6    evidence, WIPO found that GGS' domain names are identical or confusingly similar to

7    Ritzio's trademarks, that GGS has no rights or legitimate interests with respect to the

8    domain names, and that the domain names were registered and being used in bad faith.

9    Dkt. 27 at 14-15. WIPO ordered GGS to transfer those domain names to Ritzio. *Id.* at 15.

10       Instead of complying with WIPO's order, GGS filed the instant action on May 17,

11   2018. Dkt. 1.[1] Ritzio timely filed their Answer, Affirmative Defenses, and Counterclaims

12   on November 15, 2018. Dkt. 27. Ritzio's initial counsel in this action withdrew on February

13   15, 2019. Dkt. 40. Ritzio's current counsel appeared on September 9, 2019. Dkt. 46. In the

14   interim, the parties engaged in substantive discussions in an attempt to resolve their dispute.

15   Grady Decl. ¶¶2-3. However, the Ritzio parties are international companies based outside

16   of the United States (Dkt. 1 at ¶¶8-10, Dkt. 27 at ¶¶8-10), and thus are not accustomed to

17   United States court systems. As a result, the parties' discovery and expert deadlines passed

18   without any party seeking information from, or sharing information with, the other. At this

19   time, the only deadline in the Scheduling Order that has not yet passed is the parties'

20   September 27, 2019 deadline to file dispositive motions. Dkt. 36 at ¶8.

**ARGUMENT & AUTHORITY**

22       "A scheduling order 'may be modified only for good cause and with the judge's

23   consent.'" *Aros v. Ryan*, 2014 WL 2616521, *3 (June 12, 2014) (citing Fed. R. Civ. P.

24   16(b)(4)). In this context, "good cause means the scheduling deadlines cannot be met

25   despite the party's diligence." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

26

27   ---
     [1] Very generally, the Uniform Domain Name Dispute Resolution Policy (the "UDRP") was established by the
     international body that assigns domain names. The policy requires domain name disputes – at least of the sort at issue
28   in this matter – be arbitrated; if the losing party doesn't like the result, it "may [ ] file a civil action to establish that
     the registration or use of the domain name [ ] is not unlawful [ ]." 15 U.S.C. 1114(d)(v). GGS lost arbitration, so filed
     this action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

604, 609 (9th Cir. 1992). "Moreover, where a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect." *Id*. (citing Fed. R. Civ. P. 6(b)(1)(B)).

"The Ninth Circuit has adopted a six-factor test for evaluating motions to modify discovery deadlines" under Rule 16. *Fannie Mae v. Laruffa*, 2015 WL 13629323, *3 (D. Ariz. Aug. 27, 2015) (denying motion to reopen discovery). The factors considered are: "(1) [w]hether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and (6) the likelihood that discovery will lead to relevant evidence." *Id.*

Similarly, courts apply a four factor test to determine whether failure to meet deadlines constitutes excusable neglect. The four-factor test "requires, at a minimum, examination of: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Nance v. Miser*, 2014 WL 279562, *1 (D. Ariz. Jan. 24, 2014) (granting motion for enlargement of time). The test is intended to take into "account [] all relevant circumstances surrounding the party's omission." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). "Whether the neglect is 'excusable' is a flexible standard," and the court may consider "any other factors it deems appropriate on a case-by-case basis." *Cottman v. Naskrent*, 2018 WL 6268447, at *2 (D. Ariz. Nov. 30, 2018) (Lanza, D.).

Here, good cause exists for the Court to reopen the parties' discovery and expert deadlines and to extend the parties' dispositive motion deadline. No trial date has yet been scheduled, thus trial is not imminent. Dkt. 36 at ¶13. No party attempted to conduct any written discovery, schedule depositions, exchange expert reports, file anything with the Court, or otherwise seek relief from this Court, including while Ritzio was without counsel. Notably, GGS was able to contact Ritzio directly during this time, as evidenced by the fact

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

that the parties engaged in settlement discussions during this period. Grady Decl. ¶¶2-3. Thus, GGS could have attempted to litigate this case in accordance with the existing case schedule, but instead deliberately chose not to. Accordingly, reopening and extending the case deadlines cannot pose any danger of prejudice to GGS; if anything, it would be to their benefit, as they carry the burden to prove their affirmative claims. Further, giving the parties additional time to pursue discovery "will promote the policy of adjudicating cases on their merits." *Morgal v. Williams*, 2015 WL 10791884 at \*1-2 (D. Ariz. Dec. 4, 2015).

Finally, the particular extensions Ritzio seeks here are minimal, in that they would extend the deadlines at issue by just three (3) to four (4) months. Specifically, Ritzio seeks the following extensions:

| Deadline | Current Dkt. 36 Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery | June 14, 2019 | October 25, 2019 |
| Expert Disclosures | July 12, 2019 | November 8, 2019 |
| Responsive Expert Disclosures | August 9, 2019 | November 22, 2019 |
| Rebuttal Expert Disclosures | August 23, 2019 | November 29, 2019 |
| Expert Depositions | Sept 6, 2019 | December 6, 2019 |
| Dispositive Motions | Sept 27, 2019 | December 20, 2019 |

Counsel for Ritzio contacted counsel for GGS on three separate occasions to inquire whether GGS would agree to oppose this extension request. Grady Decl. ¶¶3-5. At the time of this filing, Ritzio's counsel's attempts to reach GGS' counsel were unsuccessful. *Id.* This is the first request by either party to reopen or extend the parties' discovery, expert, and dispositive motions deadlines.

//

//

//

//

//

//

//

//

Respectfully submitted this 20th day of September 2019.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

1

2

*s/ Douglas A. Grady*

3

DOUGLAS A. GRADY (*pro hac vice*)
 dgrdy@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, Washington 98104
Telephone: 206-566-7120
Facsimile: 206-624-7317

4

5

6

7

CLAIR C. PENA
State Bar No. 032756
 cpena@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216-621-0200
Facsimile: 216-696-0740

8

9

10

11

12

Attorneys for Defendants Ritzio Purchase
Ltd., Dareos Inc., and Dareos Ltd.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SEATTLE

**CERTIFICATE OF SERVICE**

Pursuant to LRCiv 5.5, I certify that the foregoing was electronically filed with this Court's ECF system, which electronic filing will automatically cause a "Notice of Electronic Filing", generated and transmitted by the ECF system, to be sent to all attorneys of record.

*s/ Andre Gougisha*
Legal Secretary to Douglas Grady