**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GGS Limited, et al., | No. CV-18-01512-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Ritzio Purchase Limited, et al., | |
| Defendants. | |
| Ritzio Purchase Limited, et al., | |
| Counter Claimants, | |
| v. | |
| GGS Limited, et al., | |
| Counter Defendants. | |

This case was filed on May 17, 2018. On October 31, 2018, the case was transferred to the undersigned judge. On November 15, 2018, Defendants filed an answer. (Doc. 27.)

On December 17, 2018, the Court held a case management conference (Doc. 35) and issued a case management order (Doc. 36). The case management order set various deadlines, including fact discovery deadlines, expert discovery deadlines, and a deadline for dispositive motions (September 27, 2019). The case management order specified that "[t]he Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (Doc. 36 at 7.) Moreover, the parties were "warned that failure to meet any of the deadlines in this Order or in the Federal or Local

Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default." (*Id.* at 8.)

On January 17, 2019, the attorneys representing Defendants at that time ("former defense counsel") filed a motion to withdraw as counsel. (Doc. 39.) Former defense counsel averred that Defendants had failed to comply with the terms of their engagement agreement with former defense counsel and were advised several times that failure to comply would result in a motion to withdraw. (*Id.* at 2.) Former defense counsel further stated that Defendants did not respond to these warnings. (*Id.*) Defendants did not file a response to the motion.

On February 15, 2019, the Court granted former defense counsel's motion to withdraw as counsel. (Doc. 40.) The Court noted that former defense counsel had informed Defendants of the status of the case, including existing obligations under the Court's orders. (*Id.* at 1.) The Court further noted that "Defendants are business entities, which cannot appear in federal court without representation," and that "[f]ailure to obtain an attorney will be grounds for sanctions, including potentially the entry of a default judgment." (*Id.* at 1-2.)

Seven months later, Defendants finally retained new counsel. (Doc. 46.)

On September 20, 2019, Defendants filed a motion to extend case deadlines[1] (Doc. 50). By the time the motion was filed, all of the deadlines in the case had elapsed except the dispositive motions deadline, which was seven days away. Defendants sought to reopen discovery and push the dispositive motions deadline to December 20, 2019. (*Id.* at 4.) To justify reopening discovery and altering the case deadlines, Defendants asserted that they "are international companies based outside of the United States . . . and thus are not accustomed to United States court systems" (*id.* at 2) and that the parties spent the past seven months pursuing settlement instead of litigating the case (*id.* at 3-4).

The parties have not been diligent in pursuing the case—indeed, both sides allowed

---

[1] Defendants stated that they contacted Plaintiffs three times to inquire whether Plaintiffs would oppose the extension request. (Doc. 50 at 4.) Defendants were unable to reach Plaintiffs to discuss the matter, and Plaintiffs failed to respond to the motion to extend case deadlines.

the deadlines to slip away unheeded. Moreover, the Court follows a general rule of not extending deadlines to allow parties to pursue settlement efforts. The case management order specifies that "the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts" and reminds the parties to "plan their settlement efforts accordingly." (Doc. 36 at 7.) The Court is even less inclined to grant an after-the-fact request. It may be easier to ask forgiveness than permission, but it's also riskier. The request to extend the case deadlines after both parties ignored them for seven months will be denied. And at any rate, Defendants timely filed a motion for summary judgment on September 27, 2019.

Accordingly,

**IT IS ORDERED** that Defendants' motion to extend case deadlines (Doc. 50) is denied.

Dated this 10th day of October, 2019.

_____
Dominic W. Lanza
United States District Judge