1  **Valentin Gurvits** (*pro hac vice*)
vgurvits@bostonlawgroup.com
2  **Matthew Shayefar** (*pro hac vice*)
matt@bostonlawgroup.com
3  **Boston Law Group, PC**
825 Beacon Street, Suite 20
4  Newton Centre, Massachusetts 02459
Tel: 617-928-1800 | Fax: 617-928-1802
5
*Attorneys for Plaintiffs/Counter-Defendants*
6
## UNITED STATES DISTRICT COURT FOR THE
7  ## DISTRICT OF ARIZONA

8
| | |
|---|---|
| **GGS Ltd**, an Anguilla company, and **InfoStar Management Ltd,** an English company,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>**Ritzio Purchase Limited**, a Cyprus company, **Dareos Inc.**, a Marshall Islands company, and **Dareos Ltd.**, a Cyprus company,<br><br>    Defendants/Counter-Claimants. | Case No.: CV-18-01512-PHX-DWL<br><br>**Plaintiffs' Controverting Statement of Facts in Opposition to Defendants' Motion for Summary Judgment** |

18  In accordance with LRCiv 56.1(b)(1), Plaintiffs GGS Ltd. and InfoStar

19 Management Ltd. hereby present their Controverting Statement of Facts in Opposition to

20 Defendants' Motion for Summary Judgment.  Given that Defendants have not filed a

21 Statement of Facts in accordance with LRCiv 56.1(a), Plaintiffs cannot present in this

22 Controverting Statement of Facts one-to-one responses to each fact referenced in

1

1  Defendants' Motion, but have generally responded to the factual assertions in
2  Defendants' Motion in Plaintiffs' Opposition to the same.  However, this Controverting
3  Statement of Facts does include additional facts that establish a genuine issue of material
4  fact or otherwise preclude judgment in favor of Defendants in accordance with LRCiv
5  56.1(b)(2).

6      1.    The domain name ritzio.com is registered to an entity named "Ritzio International Limited," and not any of the Defendants in this litigation.  Declaration of Matthew Shayefar in Opposition to Defendants' Motion for Summary Judgment filed herewith [hereinafter, "Shayefar Decl.")], ¶ 1; Exhibit 13.  The website at Ritzio.com itself says that it relates to "Ritzio International."  D.E. 51-7.

11      2.    The website at vulkan-casino.de is operated by Ritzio Berlin GmbH, not any of the Defendants in this litigation.  Shayefar Decl., ¶ 2; Exhibit 14; Exhibit 15; Exhibit 16.

14      3.    The websites at the Disputed Domains at issue in this litigation were available only in the Russian language and were aimed only at Russian-speaking users.  Declaration in Opposition to Defendants' Motion for Summary Judgment by Paata Zakareishvili on behalf of GGS Ltd. filed herewith [hereinafter, "GGS Decl."], ¶ 4.

18      4.    Russia banned all online gambling in late 2006.  *See* Exhibit 17, Federal Law of December 29, 2006 No. 244FZ, "On government regulation of gambling activities and on introduction of amendments to some legislative acts of Russian Federation," §§ 5.3&5.4.

5. In 2009, Russia passed another law that made all gambling virtually illegal throughout Russia. *Id*. *See*, *also*, Exhibit 18 (news article that Ritzio Entertainment Group would not continue operating in Russia).

6. Defendants' putative trademark registration for the mark VULKAN in Russia expired on November 18, 2015. D.E. 51-3; Shayefar Decl., ¶ 3.

7. Plaintiffs do not operate in the United States. GGS Decl., ¶¶ 13-14.

8. GGS began using the term "Vulkan" for websites where users could play slot-machine-like games and win prizes (websites like those that were at the Disputed Domains), back in the year 2011, when GGS began operating the website at Vulcan-casino.com shortly after it was registered on June 15, 2011. GGS has operated numerous other domain names and websites incorporating that term since then, including the Disputed Domains. GGS Decl., ¶ 5.

9. GGS operated the websites, including at the Disputed Domains, openly and in full view and with the implicit and explicit consent of Ritzio Purchase Limited for at least four years, from 2011 through 2015. GGS Decl., ¶ 6.

10. GGS registered domain names, including the Disputed Domains, that incorporate the term "Vulkan" or variations thereof, because it knew at the time that Ritzio Purchase Limited no longer had any trademark rights in Russia for gambling related activities because, to the extent it ever operated in Russia, it had stopped operating in Russia since 2009. GGS Decl., ¶ 7.

11. Between 2011 and 2015, GGS had extensive discussions with Ritzio Purchase Limited regarding its websites that used the Vulkan name. There were even

3

discussions through the years to form a joint project between GGS and Ritzio Purchase Limited.  GGS Decl., ¶ 8.

12.  Ritzio Purchase Limited knew about GGS's use and operation of the domains for many years.  GGS Decl., ¶ 8.

13.  Ritzio Purchase Limited also had knowledge of other people using the "Vulkan" name in the same way that GGS was using it, and Ritzio Purchase Limited did nothing to stop them.  GGS Decl., ¶ 9.

14.  For instance, GGS previously had a business relationship with a company called EvoPlay LLP ("EvoPlay").  As part of this business relationship, the management of GGS and EvoPlay shared information and ideas regarding operating gaming websites like at the Disputed Domains.  GGS Decl., ¶ 10.

15.  GGS learned that EvoPlay operated websites at dozens of domain names incorporating the "vulkan" word, all without any form of license from Ritzio Purchase Limited.  GGS Decl., ¶ 11.

16.  GGS used a privacy service for the WhoIs information for the Disputed Domains because, among other reasons, GGS wanted to limit the amount of spam that it received.  GGS Decl., ¶ 12.

| | | |
|---|---|---|
| 1 | Dated: October 28, 2019 | Respectfully submitted,<br>Plaintiffs, |
| 2 | | By their Attorneys, |

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:   (617) 928-1800
Fax:   (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com